UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SERGIO GALICIA, on behalf of himself and others similarly situated,

                      Plaintiff,

        - against -

J & C NY RESTAURANT INC. d/b/a GOLDEN TEMPLE, ZHU WU CHEN, and COCO TAN

                      Defendants.

Case No. 2:17-cv-00754-JFB-AKT

## SETTLEMENT AGREEMENT AND RELEASE

    **WHEREAS**, Sergio Galicia (hereinafter, "Plaintiff") commenced an action against J & C NY Restaurant Inc. d/b/a Golden Temple, Zhu Wu Chen, and Coco Tan, (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about January 26, 2017, in the United States District Court for the Eastern District of New York (hereinafter, the "Court"), presently bearing Case Number 2:17-CV-00754 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

    **WHEREAS**, Defendants deny Plaintiff's allegations, and contend that Plaintiff's allegations are unfounded and lack merit;

    **WHEREAS**, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff have, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

    **WHEREAS**, Plaintiff's counsel and Defendants' counsel have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

    **NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Payment**
    (a)  In full and final satisfaction of all issues between the Parties, Defendants shall pay to the Plaintiff the sum of Fifteen-Thousand Dollars and Zero Cents ($15,000.00) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

    a) $9,600.00 to "Sergio Galicia".

    b) $5,400.00 to "Hang & Associates, PLLC" including $4,800.00 for attorneys' fees and $600.00 for filing fees, expenses and costs.

    (b)  The payments shall be delivered to Hang & Associates, PLLC located at 136-18 39th Avenue, Suite 1003, Flushing, New York 11374 in accordance with the following schedule:

    a)  On or before October 15, 2017, Defendants will issue a check in the amount of $3,000.00 payable to Hang & Associates, PLLC and mail it to the address mentioned above.

    b)  On or before November 15, 2017 and on the 15th of each month thereafter until February 15, 2018 (the last day of payment), Defendants will issue a check in the amount of $3,000.00 payable to Hang & Associates, PLLC and mail it to the address mentioned above.

    (c)  Hang & Associates, PLLC shall be responsible for distributing the Settlement Sum to Plaintiff. If the settlement amounts are received before the court approves the settlement agreement, the settlement amount are to be held in Plaintiff's counsel's escrow account pending court approval.

    (d)  The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

2. **Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants* from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention

---

* and its predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present

2

Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

3. **Confession of Judgment.**

Simultaneously with the execution of this agreement, Defendants J & C NY Restaurant Inc. d/b/a Golden Temple, Zhu Wu Chen, and Coco Tan shall each deliver to Plaintiff's counsel an original copy of an executed affidavit for confession of judgment in the form attached hereto as Exhibit B along with copies of Zhu Wu Chen, and Coco Tan driver's licenses and social security cards. The affidavits for confession of judgment must bear an original signature, as opposed to a copied or electronic signature. In the event Defendants are in default in the payment of any of the installments under paragraph 1 of this Agreement, Plaintiff shall provide Ten (10) calendar days' notice to Defendants c/o Chunyang Zhang, Esq. via electronic mail to czhang@zslawpc.com and via first class mail sent to Chunyang Zhang, Esq., 136-20 38th Avenue, Suite 3C, Flushing, NY 11354, of their intent to file the affidavits for confession of judgment with the Clerk of the Court of New York County, Queens County, and/or other appropriate county in the State of New York for judgment to be entered against Defendants declaring Thirty-Thousand Dollars and Zero Cents ($30,000.00), less any settlement payment(s) made to date, immediately due and payable. If Defendants do not cure the defect within Ten (10) days of the notice, they shall owe Thirty-Thousand Dollars and Zero Cents ($30,000.00), less any settlement payment(s) made to date, and such amount shall be immediately due in its entirety, and Plaintiff may file the affidavits for confession of judgment. Plaintiff shall be entitled to their reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement for the failure to pay monies owed under the Agreement, Plaintiff shall be entitled to receive from the Defendants reasonable attorneys' fees and costs up through and including the appellate process.

4. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as Exhibit A) dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

### 5. Non-Admission

(a) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff have suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### 6. Attorneys' Fees

Except as set forth herein, Plaintiff and Defendants expressly agrees to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

### 7. Acknowledgment

Plaintiff acknowledges that they are receiving consideration under this agreement to which they are not otherwise entitled. Plaintiff acknowledges that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that they had sufficient opportunity to consider this Agreement; that they read this Agreement and/or had this Agreement explained to them fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

### 8. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 9. Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

10. **Effective Date**

This Agreement shall become effective immediately upon the Parties' execution.

11. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

12. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

13. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: 10/19/7

Signature: _____
Sergio Galicia

Signature: _____
J & C NY Restaurant Inc.

Name & Title: Zhu Wu Chen, President

DATED: 10/11/2017

Signature: _____
Zhu Wu Chen

DATED: 10/11/2017

Signature: _____
Coco Tan

DATED: 10/11/2017

5